IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## GREGORY ALLEN CATHEY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. 56674     Don R. Ash, Judge**

---

**No. M2009-01123-CCA-R3-PC - Filed October 7, 2009**

---

The Petitioner, Gregory Allen Cathey, appeals from the order of the trial court dismissing his petition for post-conviction relief as time-barred. The State has filed a motion requesting that this Court affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Gregory Allen Cathey, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachael Harmon West, Assistant Attorney General; and William Whitesell, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The record before us reflects that on July 12, 2006, the Petitioner pleaded guilty to and was convicted of one count of attempted first degree murder and two counts of aggravated assault. In accordance with his plea agreement, he received an effective sentence of fifteen years to be served in the Department of Correction. Judgments were entered on July 13, 2006.

On May 5, 2009, the Petitioner filed a petition for post-conviction relief. The Petition states that it was given to prison authorities for mailing on April 28, 2009. The trial court determined that the petition was barred by the one-year statute of limitations and summarily dismissed the petition. It is from the order of the trial court dismissing the petition that the Petitioner appeals.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year from the date on which the judgment becomes final. See Tenn. Code Ann. § 40-30-102(a). If the petition is not filed within one year, consideration of the petition by the trial court is barred. Id. It is apparent from the record in this case that the petition was not filed within the time allowed by the statute of limitations.

Our legislature has provided only limited exceptions to the application of the statute of limitations. See Tenn. Code Ann. § 40-30-102(b). The Petitioner alleged in his petition that he is entitled to post-conviction relief primarily because he received the ineffective assistance of counsel prior to entering his guilty plea. He therefore asserts that his guilty plea was not voluntarily, knowingly, or intelligently entered. Although the Petitioner alleges that the statute of limitations should be tolled, an examination of the petition and the arguments presented on appeal reveal no facts or grounds under which due process would require that the statute of limitation not be strictly applied to the petition nor any reason supporting any other exception to the application of the statute of limitations.

We conclude that the trial court did not err by summarily dismissing the petition for post-conviction relief as time-barred. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE